[No. B022692. Second Dist., Div. One. Feb. 9, 1988.]

JESUS BLANCO, a Minor, etc., et al., Plaintiffs and Appellants, v. LINDA McMAHON, as Director, etc., et al., Defendants and Respondents.

COUNSEL

Carmen A. Estrada, Melinda R. Bird, Richard A. Rothschild, Sarah E. Kurtz, Peter H. Reid and Margaret M. McCarthy for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Charlton G. Holland, Assistant Attorney General, Anne S. Pressman, Brian C. Kipnis and Elizabeth Hong, Deputy Attorneys General, for Defendants and Respondents.

OPINION

DEVICH, J.—In *Darces* v. *Woods* (1984) 35 Cal.3d 871 [201 Cal.Rptr. 807, 679 P.2d 458], our Supreme Court considered certain state regulations which reduced a grant of aid to families with dependent children (hereafter AFDC) to an employed caretaker residing with both citizen children and undocumented alien children. The court held these regulations violated the state equal protection clause (Cal. Const., art. I, § 7) to the extent that grant reduction did not take into account the needs of the undocumented children. In other words, even though state and federal law provides public assistance only to citizen (and resident alien) children,[1] these children were

---

[1] Welfare and Institutions Code section 11104 provides, in pertinent part, "Aliens shall be eligible for aid only to the extent permitted by federal law." Federal law limits assistance to needy families with children to individuals who are either citizens or aliens "lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law . . . ." (42 U.S.C. § 602(a)(33); see also 45 C.F.R. § 233.50.) A citizenship requirement also exists with respect to public assistance for medical care. (42 U.S.C. § 1396a(b)(3); 42 C.F.R. § 435.402.)

being deprived of equal protection by the state's failure to recognize that welfare benefits would be utilized by the caretaker to assist all her children, citizen or not.

■ Here, we consider a question related to the issue in *Darces*, i.e., whether equal protection requires that the needs of undocumented alien children be taken into account when determining the amount of the initial public assistance grant to family units where citizen children reside with their undocumented siblings.

While the question is intriguing, the answer is straightforward: the *Darces* rationale may not be extended to permit indirectly what is explicitly prohibited directly—the payment of public assistance benefits to undocumented aliens.[2]

## PROCEDURAL HISTORY

This is a class action. Appellants are representatives of a class that consists of all persons in the State of California who are eligible to receive AFDC[3] or Medi-Cal benefits and reside with family members who are not eligible for these benefits solely because they are not citizens or legal residents of the United States. Respondents are the California Departments of Social Services and Health Services and their directors.

The appeal is taken from the grant of summary judgment in favor of respondents on appellants' third amended complaint for injunctive and declaratory relief and for writ of mandate.[4] The essence of the third amended complaint is set forth in an introductory portion captioned "NATURE OF ACTION," which provides: "Many families who receive [AFDC] and categorical Medi-Cal benefits have children, caretaker relatives or siblings who would be eligible for AFDC and Medi-Cal but for their undocumented

---

[2] Here, as in *Darces,* no argument is made that the state or federal Constitution requires that public assistance be granted directly to undocumented aliens.

[3] "AFDC, a cooperative federal-state program financed with federal and state funds, is one of four categorical public assistance programs established by the Social Security Act of 1935 (Act). [Citations.] To be eligible for federal funding, a state must formulate a plan which fulfills the requirements of section 602(a) of title 42 United States Code and meets the approval of the Secretary of Health and Human Services (HHS). [Citation.] Although the individual states are not required to participate in the AFDC program, once a state elects to do so (and all do) it is bound to maintain a welfare system in compliance with the mandates of federal law as a condition of receiving federal financial grants. [Citations.] California, as a participant in the AFDC program, must therefore administer its program in compliance with the federal eligibility standards established by the Act, as interpreted and implemented by regulations promulgated by HHS. [Citation.]" (*Darces* v. *Woods, supra,* 35 Cal.3d 871, 880, fn. omitted.)

[4] Appellants' cross-motion for summary judgment was simultaneously denied.

immigrant status. As a practical matter, AFDC recipients residing with AFDC-ineligible alien family members are compelled to use an AFDC grant calculated for the minimum subsistence needs of eligible family members to provide for the entire family, including AFDC ineligible alien family members, since some family members cannot be fed and clothed while others go without. As a result, the AFDC benefits available to AFDC recipients who reside with undocumented parents and siblings are reduced, as compared to other similarly situated AFDC recipients who do not reside with undocumented family members.

"For example, plaintiff Jesus Blanco lives with his mother and five brothers and sisters. He and his three brothers and sisters are United States citizens and receive AFDC and Medi-Cal. Their mother and two other siblings would be eligible for AFDC and Medi-Cal, but for their undocumented status. Jesus' mother is compelled to use an AFDC grant calculated for the minimum subsistence needs of four persons to provide for the entire family of seven persons, since she cannot provide for some children and leave others without food, clothing or medical care. The AFDC benefits available to Jesus are reduced as compared to other similarly situated AFDC recipient[s] who do not reside with undocumented siblings.

"The exclusion of undocumented caretaker relatives and siblings violates the equal protection clause of the California Constitution as interpreted by the Supreme Court in *Darces* v. *Woods* (1984) 35 Cal.3d 871 [201 Cal.Rptr. 807, 679 P.2d 458], because it results in unequal treatment of equally needy families without a sufficient state interest. When calculating the grant amount of AFDC-eligible citizen children, Defendants refuse to include in the family budget unit persons who reside in the same household and who would be eligible for AFDC and categorical Medi-Cal but for their undocumented status."

In granting respondents' motion for summary judgment, the trial court ruled, in pertinent part: "[Appellants] have not been denied equal protection of the law. They are treated in the same manner as other citizen dependent children. *Darces* v. *Woods,* 35 Cal. 3d 871 does not require that AFDC benefits be granted to or for the benefit of undocumented alien children living in the same household as citizen children. Despite some broad language in the case, the issue in [the] *Darces* case related to a regulation that reduced the benefits to the citizen children by assuming that all of their mother's outside income was used for their benefit to the exclusion of the benefit of her alien children."

DISCUSSION

On appeal, as in the trial court, the thrust of appellants' claim is embodied in the 1984 Supreme Court decision of *Darces* v. *Woods, supra,* 35

Cal.3d 871. The plaintiff in *Darces* was an undocumented alien with six minor children. The three older children were also undocumented aliens; the younger three were native born and therefore citizens of the United States. The citizen children received AFDC; the undocumented children were ineligible for public assistance.

Mrs. Darces was employed, and her AFDC benefits were reduced to account for her income. The reduction was computed based on state administrative regulations which took into account Mrs. Darces's expenses and the needs of her family. The reduction, however, was computed based only on the needs of her three citizen children,[5] without taking into account Mrs. Darces's obligation to support her undocumented children as well. (See Civ. Code, §§ 196, 242.)

Mrs. Darces challenged the state's grant reduction regulations on both statutory and constitutional grounds. The court dealt with the statutory argument first and concluded that the regulations were properly based on the applicable statutes because the "statutory scheme . . . evinces the clear intent to exclude any and all consideration of the needs of undocumented children." (35 Cal.3d at p. 883.)[6]

The constitutional theory was that Mrs. Darces's citizen children were being denied equal protection of the law because the amount of assistance available to them was effectively less than available in a family of equal size where all the children were eligible for AFDC benefits. In determining the appropriate standard of review to assess this constitutional challenge, the court discussed the "rational basis test" of *Dandridge* v. *Williams* (1970) 397 U.S. 471 [25 L.Ed.2d 491, 90 S.Ct. 1153] and the *Plyler* v. *Doe* (1982) 457 U.S. 202 [72 L.Ed.2d 786, 102 S.Ct. 2382] " 'intermediate' standard of review requiring the state to show that the discrimination furthers a 'substantial' state interest. [Citations.]" (35 Cal.3d at p. 891.)

The *Darces* court, however, did not rely on federal authority to determine which standard to utilize because it determined that the California Constitution should be utilized as the "first referent" in evaluating plaintiff's equal protection challenge. (35 Cal.3d at pp. 892-893, fn. 23 and accompanying text.) Under the California Constitution's equal protection clause (Cal.

---

[5] Mrs. Darces's preemployment AFDC grant was $356. Her job provided a gross income of approximately $558 which, minus deductions taken for necessary expenses, yielded a net income of $269. Based on administrative regulations which took into account the needs of her three citizen children only, the grant was reduced to $154. This grant, combined with Mrs. Darces's net income, was only $67 greater than the amount received when she was unemployed. (35 Cal.3d at p. 878, fn. 6.)

[6] No such statutory argument is raised in the instant appeal.

Const., art. I, § 7), the *Darces* court held that "the challenged practice . . . should be reviewed under the strict scrutiny test." (35 Cal.3d at p. 892.)[7]

Applying the strict scrutiny test, the *Darces* court rejected the state's argument that invalidation of the grant reduction regulations would be too costly, holding that "[p]reservation of the fisc is an insufficient justification." (35 Cal.3d at p. 894.) It also rejected the state's related argument that failure to comply with federal guidelines could result in California being expelled from the AFDC program. The court reasoned that the challenged regulations did not further any federal policy and noted that federal law did not prohibit payments from state coffers in the absence of federal matching funds. (35 Cal.3d at pp. 894-895.)

The *Darces* court concluded "that, under our state Constitution, undocumented aliens, who would otherwise be eligible for AFDC but for their immigration status, must be included in the family budget unit for purposes of calculating the grant amount in those limited cases where the failure to do so would result in a reduction in, or denial of the maximum aid payable benefits to which the eligible persons—United States citizens or lawfully resident aliens—are entitled." (35 Cal.3d at p. 895, fn. omitted.)

Appellants' attempt to bring themselves within the holding of *Darces* is unavailing. Appellants acknowledge that undocumented aliens are specifically precluded from receiving AFDC and Medi-Cal benefits.[8] Appellants also repeatedly emphasize that no member of their class is undocumented. However, in spite of their protestations to the contrary, appellants' lawsuit is simply an attempt to accomplish indirectly what they acknowledge they are prohibited from doing directly—effectively attaining AFDC and Medi-Cal benefits for undocumented aliens. This result is not compelled by *Darces*.

The holding of *Darces* provides that, when calculating grant reduction to compensate for a working caretaker's income, undocumented aliens should be included in the family budget unit "in those limited cases" where failure to do so "would result in a reduction in, or the denial of the maximum aid payable benefits" to citizen children of the welfare recipient. (*Ibid.*) In *Darces*, implementation of state regulations caused an actual reduction in benefits. Here, however, respondents have taken no action which would

---

[7] In light of this conclusion, the *Darces* court specifically declined to determine whether the grant reduction regulations violated the equal protection clause of the Fourteenth Amendment to the United States Constitution. The court stated: "We are confident, however, that application of the intermediate level of review—which we infer from our reading of *Plyler* is the appropriate standard—will obtain the same result." (35 Cal.3d at p. 895, fn. 25.)

[8] See footnote 1, *ante*.

cause a reduction in or denial of the maximum aid payable to citizen children. Rather, these children are receiving precisely the aid to which they are entitled. To hold otherwise would strip *Darces's* reference to "limited cases" of all meaning.

Simply stated, *Darces* involved a limited class of persons for whom state regulations effected a diminution of benefits. The instant class of appellants effectively includes each and every undocumented child who is part of a family that receives AFDC or Medi-Cal benefits. The classes involved in the two cases are not the same. Accordingly, *Darces* does not require this court to disregard state and federal law by effectively providing welfare benefits to undocumented alien children.

DISPOSITION

The judgment is affirmed.

Hanson, Acting P. J., and Lucas, J., concurred.